UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY DWAYNE WASHINGTON,

        Plaintiff,

                                    CASE NO. 2:08-CV-11235
v.                                 HONORABLE GEORGE CARAM STEEH

THOMAS EDWARD JACKSON, et al.,

        Defendants.
                              /

**OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT,
DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND
CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

**I.    Introduction**

    Anthony Dwayne Washington ("Plaintiff"), a state prisoner currently incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, an application to proceed without prepayment of the filing fee, and a motion for appointment of counsel. The Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his complaint, Plaintiff alleges that Wayne County Circuit Judge Thomas Edward Jackson and defense attorney Susan Meinberg violated his constitutional rights during his state criminal sentencing proceedings. He also names Kinross Correctional Facility Warden Jeffrey Woods and Michigan Department of Corrections Director Patricia Caruso as defendants. He seeks monetary damages and injunctive relief.

    Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if satisfied that the action is frivolous or

1

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Additionally, pursuant to 28 U.S.C. § 1915A, a district court must *sua sponte* dismiss a complaint in which a prisoner seeks redress from a governmental entity or employee, if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Having reviewed the matter, the Court concludes that Plaintiff's complaint is barred by the doctrine of *res judicata*, fails to state a claim upon which relief may be granted, seeks relief against a defendant who is entitled to immunity, and must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

**II.     Discussion**

To state a federal civil rights claim, a plaintiff must show that:  (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity.  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).  A *pro se* civil rights complaint is to be construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988).  Such a complaint, however, must plead facts sufficient to show a legal wrong has been committed which entitles the plaintiff to relief.

Plaintiff's complaint concerns his state criminal sentencing proceedings and his continued incarceration.  Plaintiff has previously filed a civil rights complaint with this Court against several parties, including the present defendants, raising the same allegations contained in the present complaint.  That case was summarily dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and on the basis of immunity.  *See Washington v. Jackson, et al.*, No. 2:07-CV-15312 (E.D. Mich. Dec. 20, 2007).

Under the *res judicata*/claim preclusion doctrine, a claim is barred by prior litigation if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) identity of the causes of action. *See Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997).

In this case, all four elements are present. Plaintiff's prior lawsuit was dismissed by the Court on the merits for failure to state a civil rights claim and on the basis of immunity. The defendants in the present lawsuit are Wayne County Circuit Judge Jackson, defense attorney Susan Meinberg, warden Jeffrey Woods, and Michigan Department of Corrections Director Patricia Caruso who were parties in the former lawsuit and/or are in privity with the defendants in that lawsuit. *See, e.g., Smith v. Capots*, 78 F.3d 585, 1996 WL 99322, *2 (6th Cir. 1996) (unpublished). Plaintiff's present complaint raises the same issues contained in his prior lawsuit and the causes of action in both lawsuits are the same. As such, Plaintiff's present complaint is barred by the doctrine of *res judicata* and must be dismissed as frivolous. *See Butts v. Wilkinson*, 145 F.3d 1330, 1998 WL 152778, *1 (6th Cir. 1998) (unpublished) (upholding dismissal of prisoner civil rights complaint pursuant to 28 U.S.C. § 1915A based upon *res judicata* doctrine); *McWilliams v. State of Colorado*, 121 F.3d 573, 574-75 (10th Cir. 1997) (repetitious litigation of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915(e) as frivolous or malicious); *Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1150 (N.D. Ill. 1995) (dismissal of prisoner action as frivolous given preclusive effect against similar claims raised in subsequent complaint).

Moreover, even if Plaintiff's complaint were not subject to dismissal on *res judicata* grounds, the Court would conclude that it should be dismissed for failure to state a claim upon

3

which relief may be granted and on the basis of immunity for the reasons stated in the Court's prior opinion. *See Washington v. Jackson, et al.*, No. 2:07-CV-15312 at pp. 2-4. Additionally, the claims against defendants Woods and Caruso are subject to dismissal because Plaintiff has failed to allege facts showing their personal involvement in the actions giving rise to the complaint. *See, e.g., Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (§ 1983 liability cannot be based upon a theory of *respondeat superior*).

### III.     Conclusion

For the reasons stated, the Court concludes that Plaintiff's complaint is barred by the doctrine of *res judicata*. Additionally and alternatively, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted as to each of the defendants and that Wayne County Circuit Judge Jackson is immune from suit under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES** Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Given this determination, the Court also **DENIES** Plaintiff's motion for appointment of counsel.

Lastly, the Court concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.

**Dated:  April 10, 2008**

<u>S/George Caram Steeh</u>
**GEORGE CARAM STEEH**
**UNITED STATES DISTRICT JUDGE**

4

**CERTIFICATE OF SERVICE**

**Copies of this Order were served upon attorneys of record on April 10, 2008, by electronic and/or ordinary mail.**

**S/Josephine Chaffee**
**Deputy Clerk**